553 S.E.2d 249

The STATE, Petitioner,

v.

Naim JIHAD, Respondent.

No. 25360.

Supreme Court of South Carolina.

Heard March 21, 2001.
Decided Sept. 17, 2001.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor George M. Ducworth, of Anderson, for petitioner.

Kenneth W. Sheppard, of Peachtree City, Georgia; and Nancy Jo Thomason, of Anderson, for respondent.

MOORE, Justice:

We granted a writ of certiorari in this case [1] and now address the sole issue whether driving a vehicle with a non-functioning brake light supports a traffic stop. We find it does and reverse.

## FACTS

Fifteen pounds of marijuana were seized from respondent's car after a highway patrolman pulled him over for a broken brake light. Respondent was charged with trafficking in marijuana. At a pre-trial suppression hearing, the trial judge ruled the initial traffic stop was not supported by probable cause because South Carolina law requires only one brake light to be working. Accordingly, the trial judge found the initial traffic stop invalid and suppressed the evidence.

The State appealed the trial judge's ruling.[2] In a 2–1 decision, the Court of Appeals held only one working brake light is required under our statutory scheme and, since respondent had one working brake light, he was not in violation of any traffic law at the time he was stopped. The majority therefore ruled the initial stop was not supported by probable cause and affirmed the suppression of the evidence as fruit of the poisonous tree. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).[3]

---

1. *State v. Jihad*, 339 S.C. 235, 528 S.E.2d 696 (Ct.App.2000).

2. The State asserted on appeal that the suppression of the marijuana significantly impaired its prosecution of the case and therefore the trial judge's ruling was appealable. *State v. McKnight*, 287 S.C. 167, 337 S.E.2d 208 (1985).

3. On appeal to this Court, the State adopts the position of the dissenter in the Court of Appeals and argues there need only be a reasonable suspicion rather than probable cause to support a valid traffic stop. *See Illinois v. Wardlow*, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (reasonable suspicion is a less demanding standard than probable cause). "Reasonable suspicion" does not refer to an officer's speculation there may be some law prohibiting the observed conduct but goes to the sufficiency of his observation. It is uncontested in this case that respondent was actually driving with a non-functioning brake light which satisfies the higher standard of probable cause if such conduct is in fact a traffic violation. Accordingly, we need not address

## DISCUSSION

Brake lights, or "stop lamps" as they are referred to in Title 56, are governed specifically by S.C.Code Ann. §§ 56–5–4730 and –4560 (1991). Section 56–5–4730 provides in pertinent part:

**Any motor vehicle may be equipped, and when required under this chapter shall be equipped**, with the following signal lamps and devices:

(1) **A stop lamp on the rear** which shall emit a red or yellow light and which shall be actuated upon application of the service (foot) brake and which may but need not be incorporated with a tail lamp;

(2) A lamp or lamps or mechanical signal device capable of clearly indicating any intention to turn either to the right or to the left and which shall be visible both from the front and rear.

A stop lamp shall be plainly visible and understandable from a distance of one hundred feet to the rear both during normal sunlight and at nighttime and a signal lamp or lamps indicating intention to turn shall be visible and understandable during daytime and nighttime from a distance of one hundred feet both to the front and rear. **When a vehicle is equipped with a stop lamp or other signal lamps, such lamp or lamps shall at all times be maintained in good working condition.** No stop lamp or signal lamp shall project a glaring or dazzling light.

(emphasis added). Further, § 56–5–4560 makes it unlawful to drive a vehicle on the highways "unless it is equipped with a stop lamp meeting the requirements of § 56–5–4730." [4]

The trial judge and the Court of Appeals majority read these sections to require only one functioning brake light. The State argues that even though only one brake light is *required*, when there is more than one brake light on a

---

whether a reasonable suspicion is sufficient to support a traffic stop in this case.

**4.** In addition to these two sections specifically regulating stop lamps, S.C.Code Ann. § 56–5–4410 (1991) provides generally that it is unlawful to drive a vehicle that "is not at all times equipped with lights, brakes, steering and other equipment in proper condition and adjustment as required in this article."

vehicle, they must both be in good working condition. The State relies on the language in § 56–5–4730: **When a vehicle is equipped with a stop lamp or other signal lamps, such lamp or lamps shall at all times be maintained in good working condition.**

We agree with the State's reading of these statutes. In addition to *requiring* a single brake light, § 56–5–4730 also applies to *discretionary* equipment as indicated in the first sentence: **"Any motor vehicle may be equipped, and when required under this chapter shall be equipped. . . ."** A motor vehicle *may* therefore have, in addition to the required brake light, more than one brake light.

Further, § 56–5–4730 clearly evinces legislative intent that even a discretionary brake light must be in good working condition by prefacing the good-working-condition requirement with the conditional phrase **"when a vehicle is equipped with a stop lamp. . . ."** The word "when" in context here means "in the event that" or "whenever."[5] **"When a vehicle is equipped with a stop lamp"** therefore means "whenever" or "in the event that" a vehicle is equipped with a stop lamp. This phrase has meaning only if it refers to discretionary stop lamps since reference to the mandatory single stop lamp would not require this conditional phrase. *See In re Decker,* 322 S.C. 215, 471 S.E.2d 462 (1995) (a statute should be construed so that no word, clause, provision, or part is rendered superfluous).

The Court of Appeals's interpretation of § 56–5–4730 requiring that only a single stop lamp be in good working condition overlooks the **"when a vehicle is equipped"** phrase which refers back to the first sentence of the statute providing for both mandatory and discretionary stop lamps. We hold, under a plain reading of § 56–5–4730, it is unlawful to drive with a non-functioning brake light. Accordingly, the traffic stop in this case was valid. The Court of Appeals's decision is **REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

**5.** Random House Dictionary of the English Language, Second Edition, Unabridged (1987).